IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAMS GROUP HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 06-0760-CG-C |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH AND MENTAL | ) | |
| RETARDATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the court on plaintiff's motion for reconsideration of the order dated November 2, 2007, which granted summary judgment in favor of defendants (Doc. 84), and on plaintiff's motion to stay (Doc. 85).  In the November 2, 2007 order, the court found: 1) that it should abstain from reviewing the factual findings of the administrative hearing; 2) that DMH/MR and any official capacity defendants are entitled to sovereign immunity as to all claims for damages; 3) that plaintiff did not properly assert and cannot maintain a Title VII claim against its employee's former employer; 4) that plaintiff's due process claim fails because it has no protectable interest in continuing to be a Medicaid provider; and 5) that plaintiff's equal protection claims fail because plaintiff has not demonstrated that similarly situated comparators were treated differently.  Plaintiff's current motion seeks reconsideration only of the last finding, that plaintiff's equal protection claim fails.  As will be explained below, the court after thoroughly reviewing plaintiff's motion, still finds that plaintiff has failed to demonstrate that similarly situated comparators were treated differently.  Therefore, plaintiff's motion for

1

reconsideration is due to be **DENIED**.

Plaintiff argues that the court overlooked the holding of Village of Willowbrook v. Olech, 528 U.S. 562 (2000).  However, the court specifically addressed the holding in Olech and its application to this case.  The court explained that to maintain a class of one claim, the action complained of must be intentional and not merely arbitrary.  Some Courts have limited Olech's holding by requiring that a plaintiff asserting an equal protection claim brought by a class of one allege "illegitimate animus" or "ill will" as was present in Olech.  See Olech, 528 U.S. at 566 (Justice Breyer concurring opinion).  Moreover, as stated in the summary judgment order, "[e]ven under Olech, plaintiff must allege intentional treatment different from others similarly situated." (Doc. 82  p. 12  n 7).  It is this basis on which the court found plaintiff's equal protection claim failed.

The court notes that the Eleventh Circuit has recently applied a "class of one" analysis to a case involving the owner of a chicken rendering plant that was allegedly subjected to more rigorous environmental regulation than its competitor. Griffin Industries, Inc. v. Irvin, 496 F.3d 1189 (11th Cir. 2007).  In Griffin Industries, the court found that Olech was applicable where the plaintiff "alleged that the defendants intentionally treated it differently from others who were similarly situated," and "claimed that there was no rational basis for the disparate treatment." Id. at 1202.  However, the court also found that "when dissimilar governmental treatment is not the product of a one-dimensional decision--such as a standard easement or a tax assessed at a pre-set percentage of market value--the 'similarly situated' requirement will be more difficult to establish. Id. at 1203-1204.  "When plaintiffs in 'class of one' cases challenge the outcome of complex, multi-factored government decisionmaking processes, similarly situated entities 'must

be very similar indeed.'" Id. at 1205 (citing McDonald v. Vill. of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004)). "A 'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another. Id. (citing GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998)). "To maintain this focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, we are obliged to apply the 'similarly situated' requirement with rigor." Id. at 1207. "Different treatment of dissimilarly situated persons does not violate the equal protection clause." Id. (citing E & T Realty v. Strickland, 830 F.2d 1107, 1109 (11th Cir. 1987)). Where "the government's regulatory action was undeniably multi-dimensional, involving varied decisionmaking criteria applied in a series of discretionary decisions made over an extended period of time" the plaintiff must demonstrate that all of the factors that would be relevant to an objectively reasonable governmental decisionmaker are similar. Id.

Thus, as stated in the summary judgment order, to support this claim, plaintiff must show that other similarly situated facilities were not decertified or did not have their contracts pulled. This court stated the following regarding whether similarly situated facilities were treated differently:

> Plaintiff contends that other group home operators like Nobles and Parker were not subjected to the type of close scrutiny and severe penalties for minor mishaps. Plaintiff asserts that it was intentionally treated differently from these similarly situated contractors and that there is no rational basis for the difference in treatment. To the extent plaintiff contends that it did not violate the certification requirements, the court must defer to the findings of the administrative proceeding - which found that plaintiff had not complied with DMH/MR Administrative Code. See Younger discussion supra. [FN Even after considering plaintiff's arguments regarding the inaccuracies of its reported violations, it is clear that violations did occur. Looking at the evidence in the light most favorable to plaintiff, a few of the violations may not have been as major as defendants have alleged. Nevertheless, plaintiff still violated numerous

3

> certification requirements.]
>
> Plaintiff asserts that residents of Nobles Group Homes had been moved without prior permission or penalty in a non-emergency context without penalty. Plaintiff also submitted evidence that other staff members, like Melisa Ezell, have operated or set out to operate group homes as a sideline business, even while maintaining their employment with DMH/MR.  Plaintiff also reports (without any evidentiary support [FN Plaintiff cites to the declaration of Veletta Williams. However, Veletta William's declaration does not mention Parker or Parker Adult Foster Homes and does not state that any other home received provisional certifications.]) that a similar group home operator, Parker Adult Foster Homes, had received, as of October 2006, no less than seven provisional certifications for its organization and DMH/MR made no move to decertify Parker's business. However, none of the alleged comparators appear to have had all the same reported violations as plaintiff.  While Nobles apparently had moved a resident without prior-permission - there is no indication that Nobles had been placed on provisional certification several times for marginally meeting certification standards, that it had co-mingled clients' funds into one of its executives' personal bank accounts, had inadequately documented medicaid-eligible services, had failed to provide adequate qualified staff to perform those services resulting in plaintiff owing repayments to Medicaid of several hundred thousand dollars plus penalties, had three individuals with mental retardation evicted from the home that plaintiff was responsible for operating, or that its CEO and its records were often inaccessible.  Similarly, Parker Adult Foster Homes may have received provisional certifications, but there is no indication that it had these other numerous problems that existed with plaintiff's program.  Accordingly, the court finds that plaintiff has failed to show that the alleged comparators were, in fact, similarly situated, and that the due process claim is therefore not supported by the evidence.

(Doc. 82   pp. 14-16).  Plaintiff has now pointed out and provided additional copies of letters from defendant indicating that Parker received provisional one-year certifications in 2005 and 2006.  However, plaintiff has still failed to demonstrate that Parker or Nobles have had all of the same numerous violations as plaintiff. The decisions to decertify plaintiff and to pull plaintiff's contract were multi-factored decisions and the comparison to other providers is not one-dimensional.  As such, "similarly situated entities 'must be very similar indeed'" and the court is "obliged to apply the 'similarly situated' requirement with rigor."  Griffin Industries, Inc. v.

Irvin, 496 F.3d at 1205 (citations omitted).Id. at 1207.  The court finds that plaintiff has not demonstrated that similarly situated entities were treated differently.

Plaintiff argues that the court impermissibly weighed the evidence in coming to this conclusion.  However, the court viewed all evidence in the light most favorable to plaintiff as the non-moving party.  To survive summary judgment, plaintiff "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The court finds that plaintiff has not done so in this case.  Therefore, summary judgment was properly entered in favor of defendants.

As to plaintiff's motion to stay (Doc. 85), the court finds it is due to be denied.  Plaintiff requests that this court enjoin defendants from taking any actions that would alter the status quo of the parties until after the court rules on the motion for reconsideration and plaintiff has had the opportunity to appeal.  However, the court found above that the motion for reconsideration is due to be denied and does not find it appropriate to delay the defendants further.  Rule 62(c) allows a court, while an appeal is pending from a final judgment that dissolves or denies an injunction, to grant or restore an injunction on terms for bond or other terms that secure the opposing party's rights. FED. R. CIV. P. 62(c).  However, a stay under Rule 62(c) is considered "extraordinary relief" for which the moving party bears a "heavy burden."
Winston-Salem/Forsyth County Bd. of Education v. Scott, 404 U.S. 1221, 1231, 92 S.Ct. 1236,

1241, 31 L.Ed.2d 441 (Burger, C.J., in chambers) (1971).  Generally, in determining whether to grant a stay pending appeal, courts must examine the same factors as this court previously considered for granting a preliminary injunction: (1) whether the applicants have made a strong showing that they are likely to prevail on appeal; (2) whether the applicants will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724; United States v. Bogle, 855 F.2d 707, 708 (11th Cir. 1988).  Plaintiff argues that the court previously found when analyzing plaintiff's motion for preliminary injunction, that plaintiff would suffer irreparable injury if the defendants were allowed to proceed.  However, plaintiff has not made a strong showing that it is likely to prevail on appeal.  The court does not find this to be so close a case or that the legal questions at issue are so difficult that plaintiff is likely to succeed on appeal.  Additionally, defendants have previously asserted that the public interest weighs heavily in favor of allowing defendants to maintain its services to the consumers in need, their families, and to protect the public in doing so.  This court gives deference to the finding of the administrative proceeding that plaintiff did not comply with DMH/MR Administrative Code.   Additionally, this court previously found that even looking at the evidence in the light most favorable to plaintiff, that although a few of the violations may not have been as major as defendants have alleged, the evidence is clear that plaintiff still violated numerous certification requirements.  In light of plaintiff's numerous violations,  the court finds that plaintiff has not shown that it is in the best interest of the public to prohibit defendants from proceeding to decertify plaintiff or from removing clients from plaintiff's group homes.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion for reconsideration (Doc. 84) and plaintiff's motion to stay (Doc. 85) are **DENIED.**

**DONE and ORDERED** this 12th day of December, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE